**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

CLIFTON COX,

      Plaintiff,

v.                                                                                 Case No. 2:21cv-02171-MSN-tmp

MARK RENKEN,

      Defendant.

**ORDER DIRECTING THE CLERK TO MODIFY THE DOCKET; DISMISSING THE**
**COMPLAINT (ECF NO. 1) WITH PREJUDICE; AND DENYING LEAVE TO AMEND**

On March 22, 2021, Plaintiff Clifton Cox filed a *pro se* complaint pursuant to 42 U.S.C. §

1983 and a motion to proceed *in forma pauperis*.  (ECF Nos. 1 & 2.)  At the time Cox filed the

complaint, he was confined at the Shelby County Criminal Justice Center (the "SCCJC") in

Memphis, Tennessee.  (ECF No. 1 at PageID 2.)[1]  On March 25, 2021, the Court granted leave to

proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform

Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA").  (ECF No. 4.)

Cox asserts a Sixth Amendment claim of ineffective assistance of counsel against his public

defender, Mark Renken, Esquire (the "IAC Claim").  (ECF No. 1 at PageID 3.)  Cox alleges

generally that Renken: (1) "left evidence out regarding my [underlying criminal] case"; (2) failed

to ask questions that Cox suggested; (3) refused to call Treva Taylor as a witness; and (4) refused

---

[1]  According to the Tennessee Department of Correction's ("TDOC") Felony Offender
Information website, Cox's eight-year sentence concluded in January 11, 2020.  (*See*
https://foil.app.tn.gov/foil/details.jsp (listing Cox as "inactive" in the TDOC system)).

to provide the presiding judge's and the prosecutor's names to Cox.  (*Id*. at PageID 5.)  Cox does

not: (1) identify the allegedly omitted evidence; (2) particularize the omitted questions; (3) explain

how Ms. Taylor was material to Cox's defense; or (4) explain why the judge's and prosecutor's

names were otherwise unavailable to Cox.

Cox seeks: (1) the charges against him to be "dropped"; (2) immediate release from

confinement; (3) five hundred thousand dollars ($500,000.00); and (4) investigation of (a) "this

case" and (b) "the competence of my attorney."  (*Id*. at PageID 6.)

The Clerk is **DIRECTED** to modify the docket to add Shelby County, Tennessee as a

Defendant.

The complaint (ECF No. 1) is before the Court.

For the reasons explained below: (1) the complaint (ECF No. 1) is **DISMISSED WITH**

**PREJUDICE** for failure to state a claim to relief; and (2) leave to amend is **DENIED**.

## I.      LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of

it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be
> granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28  U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court

applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*,

556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Under those standards, the Court accepts

the complaint's "well-pleaded" factual allegations as true and then determines whether the

allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

II.     **REQUIREMENTS TO STATE A CLAIM UNDER § 1983**

Cox sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

III.     ANALYSIS

A.     Claims Against Renken And Shelby County

Cox may not sue Renken under § 1983.  The law is clear that a public defender does not

act "under color of state law" for purposes of a § 1983 action when serving as counsel for a

defendant in a criminal proceeding, even though the defender was appointed by a state court.  *West*

*v. Atkins*, 487 U.S. 42, 48 (1988); *see also Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir.

2012) ("Defense attorneys, whether compensated by the State or retained by a client, do not act

under color of state law when they perform a lawyer's traditional functions as counsel to the

accused in a criminal proceeding") (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)).

Courts have uniformly held that attorneys are not "state actors" who can be sued under § 1983.

*See Polk*, 454 U.S. at 318 ("[A] lawyer representing a client is not, by virtue of being an officer of

the court, a state actor 'under color of state law' within the meaning of § 1983").

Even liberally construing the complaint to assert claims against Shelby County[2] Cox fails

to state a claim to relief.  Shelby County may be held liable *only* if Cox's injuries were sustained

pursuant to an unconstitutional custom or policy of the County.  *See Monell v. Dep't. of Soc. Serv.*,

436 U.S. 658, 691–92 (1978).  To demonstrate municipal liability, a plaintiff "must (1) identify

the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his

particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815

(6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  "[T]he

touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts

---

[2] A suit against an individual in his official capacity under § 1983 is treated as a suit against
his employer, such as the individual's governmental entity-employer.  *See Jones v. Union Cnty.,
Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049
(6th Cir. 1994)).  Shelby County is Renken's employer. (*See* ECF No. 1 at PageID 1–2.)

of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986) (emphasis in original)).

Cox does not allege that he has been deprived of a right because of a policy or custom of Shelby County. Cox instead seeks relief based on his allegations about Renken's performance as Cox's criminal defense counsel. (*See* ECF No. 1 at PageID 5.) For example, Cox alleges that Renken (1) "failed to mention that the police officer lied under oath about my last known address"; (2) failed to "utilize[] . . . witness Treva Taylor or her testimony"; and (3) "failed to ask any of [Cox's] questions." (*Id.* (emphasis in original).) Cox does not allege that Renken carried out these counsel decisions pursuant to a policy or custom of Shelby County. Rather, Cox is displeased with Renken's strategic decisions as counsel under the particular circumstances of Cox's criminal case. Cox fails to identify an official policy or custom of Shelby County that caused injury to him.

For these reasons, Cox's claims against Renken and Shelby County are **DISMISSED** for failure to state a claim to relief.

## B.     The IAC Claim Is Not Cognizable Under § 1983

In addition to the above deficiencies in Cox's complaint, Cox's IAC Claim in this § 1983 action fails as a matter of law. Ineffective assistance of counsel is not a cognizable claim under § 1983, which applies only to actions committed "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Claims of ineffective assistance must be brought in a habeas petition under 28 U.S.C. § 2254 and not in an action under § 1983. *See Taylor v. Miles*, No. 19-1257, 2020 WL 104682, at *1 (W.D. Tenn. Jan. 8, 2020) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Moran v. Sondalle*, 218 F.3d 647, 650–51 (7th Cir. 2000)).

Furthermore, to the extent Cox's IAC Claim indirectly challenges the validity of his confinement or his sentence, the IAC Claim should not have been brought under § 1983. (*See* ECF No. 1 at PageID 6 ("I'm still in jail. My attorney is uncooperative. My attorney has . . . failed to represent me to the best of his ability . . . .").) The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey,* 512 U.S. 477, 481 (1994) (citing *Preiser,* 411 U.S. at 488–90). The *Heck* bar prevents a prisoner from pursuing claims of ineffective assistance of counsel pursuant to § 1983 because such claims "indirectly challenge the validity of [a prisoner's] confinement and sentence." *Hudson v. Smith*, No. 3:11-cv-40, 2011 WL 161769, at *2 (M.D. Tenn. Jan. 19, 2011) (citing *Taylor v. Oakland Cnty. Circuit Court*, 831 F.2d 297 (6th Cir. 1987) (table)); *see also Muhammad v. Close,* 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus"); and *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that *Heck* bars § 1983 claims that could invalidate a prisoner's conviction or sentence, regardless of whether damages or equitable relief are sought).

Under *Heck* and its progeny, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated -- *i.e.,* reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck,* 512 U.S. at 486–87; *Ruff v. Runyon,* 258 F.3d 498, 502 (6th Cir. 2001). Stated another way, "*Heck* makes clear that no cause of action exists [under § 1983] until a conviction is legally eliminated." *Schilling v. White*, 58 F.3d 1081, 1087 (6th Cir. 1995). Section 1983 cannot be used to assert claims implying the invalidity of

confinement — including claims of ineffective assistance of counsel — unless and until the process giving rise to that confinement has been set aside in some way. *See Hudson*, 2011 WL 161769, at \*2. Cox's IAC Claim indirectly challenges the validity of the confinement and sentence that are suggested in the complaint, but Cox does not allege facts demonstrating that his underlying criminal conviction has been terminated in his favor. The IAC Claim should not have been brought under § 1983 and is subject to dismissal. *See Heck,* 512 U.S. at 486–87. Cox's exclusive remedy is habeas corpus, which he may only seek under federal law after exhausting any remedies available in state court. *See Taylor v. Oakland Cnty. Circuit Court,* 831 F.2d 297 (6th Cir. 1987) (plaintiff's claim of ineffective assistance of counsel in § 1983 action was "actually a challenge to the validity of his conviction and therefore more appropriately the subject of a petition for a writ of habeas corpus").

For these reasons, Cox's IAC Claim is **DISMISSED WITH PREJUDICE**.

## IV.     SUPPLEMENTAL JURISDICTION

To the extent Cox seeks to assert a claim of legal malpractice against Renken under Tennessee state law, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).

Under 28 U.S.C. § 1367(a), "[i]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012) (quoting *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998)) (internal quotation marks omitted). Section 1367 grants district courts broad discretion on whether to exercise supplemental jurisdiction over related state law claims. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010). Courts should "weigh several factors, including 'values of

judicial economy, convenience, fairness, and comity.'" *Id*. at 951–52 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)) (internal quotation marks omitted).

Because all of Cox's federal law claims are being dismissed, the Court **DECLINES** to exercise supplemental jurisdiction over any claims arising under state law.  To the extent Cox alleges a state law claim against Renken for legal malpractice, that claim is **DISMISSED** pursuant to 28 U.S.C. § 1367(c)(3).  The Court also does not have independent diversity jurisdiction under 28 U.S.C. § 1332.  Cox does not allege that he and Renken are citizens of different states.  (*See* ECF No. 1 at PageID 1–2.)

## V.      AMENDMENT UNDER THE PLRA

The Court **DENIES** leave to amend under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).  The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).  The Sixth Circuit prefers "liberality" in allowing amendment at the screening stage under the PLRA.  *Lucas v. Chalk*, 785 F. App'x 288, 292 (6th Cir. 2019).  The Sixth Circuit has concluded that "[i]f it is at all possible that the party . . . can . . . state a claim for relief, the court should dismiss with leave to amend." *Id.* (internal quotation marks omitted).  However, in cases where it would not be possible for a plaintiff to amend his complaint to state a claim for relief, leave to amend should not be granted.  *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001).

The instant action is one such case.

8

Cox seeks relief that is only available through a habeas petition, not under § 1983. Amendment of Cox's complaint would be futile. Cox does not have an actionable claim even if he amends. The Court concludes that Cox should not be given the opportunity to amend his complaint.

## VI.   CONCLUSION

For the reasons explained above:

A.      Based upon Cox's failure to state a claim on which relief can be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2), the Court **DISMISSES THE COMPLAINT** (ECF No. 1) **IN ITS ENTIRETY WITH PREJUDICE**.  Leave to amend is **DENIED**.

B.      The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  For § 1915(g) analysis of Cox's future filings, if any, the Court **RECOMMENDS** that the dismissal of this case be treated as a strike pursuant to § 1915(g).  *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

**IT IS SO ORDERED**, this 30th day of September, 2022.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

9